## IN THE UNITED STATES DISTRICT COURT FOR THE
## WESTERN DISTRICT OF OKLAHOMA

BRADLEY NEAL GOODSON,      )
                                  )
           **Petitioner,**     )
                                  )
**v.**                         )     **No. CIV-15-986-M**
                                  )
**JANET DOWLING,**         )
                                  )
           **Respondent.**    )

## REPORT AND RECOMMENDATION

Bradley Goodson, a state prisoner appearing *pro se*, filed an Amended Petition for Writ of Habeas Corpus challenging his state court conviction pursuant to 28 U.S.C. § 2254, (ECF No. 11),[1] and United States District Judge Vicki Miles-LaGrange referred the matter to the undersigned magistrate judge for initial proceedings consistent with 28 U.S.C. § 636(b)(1)(B). Ms. Dowling has filed a Response (ECF No. 21) and Petitioner replied. (ECF No. 26). For the reasons set forth below, the undersigned recommends that the Court **DENY** the Amended Petition.

## I.     RELEVANT BACKGROUND

In Jefferson County District Court, Case No. CF-2012-3, the State initially charged Petitioner with child stealing. (Original Record, Case No. CF-2012-3, at 18 (OR)). After the State amended the charge to violation of a child custody order, OR 109, Petitioner entered a blind plea and the trial court sentenced him to thirty-five years

---

[1] The undersigned recommended the Court dismiss Petitioner's initial habeas petition as untimely. (ECF No. 8). Petitioner objected, providing the Court with documents reflecting entitlement to equitable tolling, (ECF No. 9), and then filed an Amended Petition. (ECF No. 11). The Court declined to adopt the recommendation and recommitted the matter to the undersigned. (ECF No. 14).

imprisonment. (ECF No. 11:1). Petitioner moved to withdraw his guilty plea, and after an evidentiary hearing, the trial court denied his motion. (Transcript dated Dec. 11, 2012, Case No. CF-2012-3 (file-stamped Jefferson Co. Jan. 22, 2013) (Motion to Withdraw TR)). The OCCA denied Petitioner's subsequent appeal. (ECF No. 21; Ex. 5).

In November 2014, Petitioner filed an application for post-conviction relief, (ECF No. 21; Ex. 6), which the trial court denied. (ECF No. 21; Ex. 7). On appeal, the OCCA remanded the matter back to the state court because it had failed to address Petitioner's ineffective assistance of appellate counsel claim. (ECF No. 21; Ex. 9). The OCCA instructed Petitioner to "file a new post-conviction appeal" after the state court's ruling. (ECF No. 21; Ex. 9:3). On March 26, 2015, the trial court issued a second order denying Petitioner's claim. (ECF No. 21; Ex. 10). However, the trial court did not certify its order and, as a result, the OCCA dismissed Petitioner's second post-conviction appeal. (ECF No. 21; Ex. 13). Petitioner thereafter filed numerous pleadings with both the Jefferson County District Court and the OCCA attempting to obtain the certified order and an appeal out of time. (ECF No. 21; Exs. 14, 15, 16, 17, 19). The Jefferson County District Court finally certified its order on July 31, 2015, (ECF No. 21; Ex. 21:2), and Petitioner filed his third post-conviction appeal a few days later. (ECF No. 21; Ex. 22). Inexplicably, the OCCA dismissed Petitioner's appeal as untimely because it was not filed within thirty days from March 26, 2015. The OCCA instructed that "[i]f [Petitioner] feels he has been denied a post-conviction appeal through no fault of his own, he may seek the appropriate relief with the District Court." (ECF No. 21; Ex. 23). As noted however, Petitioner attempted to seek an appeal out of time with the

Jefferson County District Court (before the trial court even certified its order), and the trial court has declined to rule on the motion. (ECF No. 21:5).[2]

## II.    PETITIONER'S HABEAS CLAIMS

Petitioner raises nine claims for relief as follows: (1) Ground One, his plea was not knowing, intelligent and voluntary; (2) Ground Two, his trial counsel was ineffective; (3) Ground Three, the trial court's refused to allow self-representation; (4) Ground Four, the trial court's refused to change venue; (5) Ground Five, the trial judge refused to recuse; (6) Ground Six, the trial court's refused to hold an evidentiary hearing; (7) Ground Seven, his appellate counsel was ineffective; (8) Ground Eight, cumulative errors; and (9) Ground Nine, his sentence was excessive. (ECF No. 11:1-16).

For Grounds One, Two, and Nine, Petitioner incorporates by reference arguments he made on certiorari appeal. (ECF No. 11:4-5, 16). For his remaining claims, Petitioner provides independent briefing. (ECF No. 11:6-15, 23-64).[3]

## III.    STANDARD OF REVIEW

The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) governs this Court's power to grant habeas corpus relief. How it is applied depends on the state court's treatment of the issue.

---

[2]  Citations to Respondent's brief reference the Court's CM/ECF pagination.

[3]  Petitioner states he is relying on his original post-conviction brief, but he essentially reincorporated those arguments into his habeas brief.

## A.     Petitioner's Claims that the OCCA Reviewed on the Merits

Petitioner raised Grounds One, Two, Five, Eight, and Nine in his certiorari appeal, (ECF No. 21; Ex. 4), and the OCCA denied the claims on their merits. (ECF No. 21: Ex. 5); *see also Harrington v. Richter*, 562 U.S. 86, 98 (2011) ("When a federal claim has been presented to a state court and the state court has denied relief, it may be presumed that the state court adjudicated the claim on the merits in the absence of any indication or state-law procedural principles to the contrary.").

For these claims, "this [C]ourt may grant . . . habeas [relief] only if the [OCCA's] decision 'was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States' or 'resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.'" *Hanson v. Sherrod*, 797 F.3d 810, 824 (10th Cir. 2015) (citation omitted)). "It is the petitioner's burden to make this showing and it is a burden intentionally designed to be 'difficult to meet.'" *Owens v. Trammell*, 792 F.3d 1234, 1242 (10th Cir. 2015) (citation omitted). Indeed, this standard "reflects the view that habeas corpus is a guard against extreme malfunctions in the state criminal justice system, not a substitute for ordinary error correction through appeal." *Harrington*, 562 U.S. at 102-03.

This Court first determines "whether the petitioner's claim is based on clearly established federal law, focusing exclusively on Supreme Court decisions." *Hanson*, 797 F.3d at 824. Clearly established federal law consists of Supreme Court holdings in cases where the facts are similar to the facts in the petitioner's case. *See House v. Hatch*, 527

F.3d 1010, 1016 (10th Cir. 2008). If clearly established federal law exists, this Court then considers whether the state court decision was contrary to or an unreasonable application of that clearly established federal law. *See Owens*, 792 F.3d at 1242.

"A state court's decision is 'contrary to' clearly established federal law 'if the state court arrives at a conclusion opposite to that reached by the Supreme Court on a question of law or if the state court decides a case differently than the Court has on a set of materially indistinguishable facts.'" *Id.* (citations omitted). Notably, "'[i]t is not enough that the state court decided an issue contrary to a lower federal court's conception of how the rule should be applied; the state court decision must be 'diametrically different' and 'mutually opposed' to the Supreme Court decision itself.'" *Id.* (citation omitted).

The "'unreasonable application' prong requires [the petitioner to prove] that the state court 'identified the correct governing legal principle from Supreme Court decisions but unreasonably applied that principle to the facts of the prisoner's case.'" *Id.* (citations and internal brackets omitted). On this point, "the relevant inquiry is not whether the state court's application of federal law was *incorrect*, but whether it was 'objectively unreasonable.'" *Id.* (citations omitted). So, to qualify for habeas relief on this prong, the petitioner must show "'there was no reasonable basis' for the state court's determination." *Id.* at 1242-43 (citation omitted). "In other words, 'so long as fairminded jurists could disagree on the correctness of the state court's decision,' habeas relief is unavailable." *Id.* at 1243 (citation omitted); *see also Harrington*, 562 U.S. at 103 ("As a condition for obtaining federal habeas relief, . . . a state prisoner

must show that the state court's ruling on the claim being presented in federal court was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement.").

Finally, a federal habeas court must "accept a state-court [factual] finding unless it was based on 'an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.'" *Davis v. Ayala*, 135 S. Ct. 2187, 2199 (2015) (citation omitted). In other words, when the state appellate court makes a factual finding, the Court presumes the determination to be correct; a petitioner can only rebut this presumption with clear and convincing evidence. *See id.* at 2199-2200; *see also* 28 U.S.C. § 2254(e)(1).

### B.    Petitioner's Claims that the OCCA Dismissed Without Review

Petitioner raised Grounds Three, Four, Six, and Seven for the first time in his original application for post-conviction relief. As documented above, the OCCA refused to address these claims on appeal because Petitioner did not timely appeal the trial court's March 26, 2015 decision, despite having dismissed Petitioner's second appeal because the trial court's order was not certified (and did not become certified until July 31, 2015). The state appellate court did suggest Petitioner could file an appeal out of time with the trial court; however, Petitioner's application to appeal out of time has been sitting dormant in the Jefferson County District Court since June 2015. As a result, Petitioner's Grounds Three, Four, Six, and Seven remain unexhausted. However, based on the OCCA's catch-22 rulings, and the state court's apparent refusal to entertain an application for an appeal out of time, the undersigned finds it would be futile to return

Petitioner to state court. *See Fairchild v. Workman*, 579 F.3d 1134, 1155 (10th Cir. 2009) ("[H]abeas petitioners seeking relief in federal court must first exhaust all available state court remedies—that is, unless doing so would be futile because of 'an absence of available State corrective process' or because 'circumstances exist that render such process ineffective to protect the rights of the applicant.'" (citation omitted)). Instead, the Court should "ignore the exhaustion requirement altogether and deny the [Amended Petition] on the merits . . . ." *Id.* at 1156.

When reviewing "federal habeas claims not adjudicated on the merits in state-court proceedings, [the Court] exercise[s] [its] independent judgment." *Littlejohn v. Trammell*, 704 F.3d 817, 825 (10th Cir. 2013) (citations and internal quotation marks omitted). In such a situation, the petitioner must show a constitutional violation by a preponderance of the evidence. *See Beeler v. Crouse*, 332 F.2d 783, 783 (10th Cir. 1964); *see also Sa'Ra v. Raemisch*, 536 F. App'x 783, 787-88 (10th Cir. 2013) ("Our independent judgment is affected by allocation of the underlying burden of persuasion. That burden falls on the Petitioner, who must show a constitutional violation by a preponderance of the evidence.").

## IV.   PETITIONER'S STATE LAW CLAIMS

In large part, and presumably because he relied heavily on his state-court briefs, Petitioner alleges the various state-court errors violated Oklahoma statutes and the Oklahoma constitution. (ECF No. 11; ECF No. 21; Ex. 4). However, those alleged violations would not entitle Petitioner to federal habeas relief. *See Davis v. Reynolds*, 890 F.2d 1105, 1109 n.3 (10th Cir. 1989) ("Alternative state claims, whether grounded

in state statutes or the State Constitution, are not cognizable under 28 U.S.C. § 2254(a)." (citation omitted)). Accordingly, the undersigned focuses not on whether Petitioner was entitled to a relief under State law, but on the alleged underlying federal constitutional violations.

## V.    PETITIONER'S FIRST GROUND FOR RELIEF

In Ground One, Petitioner alleges he did not knowingly and voluntarily enter his blind plea. (ECF No. 11:4). Specifically, Petitioner claims his trial attorney assured him "that if he pleaded blind to the court, the judge would sentence him to no more than 10 years, probably less." (ECF No. 21; Ex. 4:12-13).[4] Petitioner alleges he was confused and "did not understand that [his] charge still carried a 4 to life sentence." (ECF No. 21; Ex. 4:13). Finally, Petitioner contends his first attorney erroneously informed him his original charge – child stealing – was an 85% crime, thus inducing him to blind plea to the eventual charge of violation of a custody order. (ECF No. 21; Ex. 4:21-22).

Following Petitioner's motion to withdraw his plea, the trial court held an evidentiary hearing where Petitioner and two of his trial attorneys testified. (Motion to Withdraw TR 26-142). Thereafter the trial court ruled: "I don't find that the evidence that was presented today is sufficient to show that the defendant's entitled to withdraw his plea of guilty." (Motion to Withdraw TR 147). On appeal, the OCCA rejected Petitioner's claim, holding "Petitioner's blind plea was a voluntary and intelligent choice among the alternative courses of action open to him." (ECF No. 21; Ex. 5:2).

---

[4] For clarity, citations to Petitioner's certiorari appeal brief refer to the brief's original pagination.

## A.    Clearly Established Law

The Supreme Court clearly established in *Boykin v. Alabama*, 395 U.S. 238 (1969), that a trial court's acceptance of a guilty plea is permissible only when it is knowing and voluntary. *Id.* at 242; *see also Charm v. Mullin*, 37 F. App'x. 475, 481 n.2 (10th Cir. 2002) ("Clearly established Supreme Court authority does require the trial court, when a defendant enters a guilty plea, to determine whether the defendant is doing so knowingly and voluntarily."). Under *Boykin*, the defendant must have "a full understanding of what the plea connotes and of its consequence." 395 U.S. at 244.

"Whether a plea is voluntary is a question of federal law, but this legal conclusion rests on factual findings and inferences from those findings." *Fields v. Gibson*, 277 F.3d 1203, 1212 (10th Cir. 2002).

## B.    Analysis

Petitioner has failed to show that the OCCA unreasonably determined the facts in light of the evidence presented in the trial court, and in turn, cannot show the appellate court unreasonably applied federal law when it found his plea to be knowing and voluntary.

For example, the record establishes that:

- Petitioner signed a Plea of Guilty Summary of Facts acknowledging that he understood that he was entering a blind plea and that the range of punishment for violation of a child custody order after former felony convictions was four years to life imprisonment. (ECF No. 21; Ex. 1).

- Petitioner agreed his answers on the Plea of Guilty Summary of Facts were "under oath." (Transcript of Change of Plea, Case No. CF-2012-3 (file-stamped Jefferson Co. Sept. 25, 2012) at 3 (Change of Plea TR)).

- Petitioner did not dispute his attorney's advisement to the trial court that Petitioner was entering a "blind plea" and had been advised "about the range of punishment of four to life and that it is a plea and that the Court will make a decision as to the appropriate sentence." (Change of Plea TR 12).

- Petitioner's attorneys testified under oath that they: (1) did not advise or promise Petitioner he would receive a ten year sentence on a blind plea; (2) did not discuss a possible sentence with the trial judge before the blind plea; and (3) believed Petitioner understood what was happening and voluntarily entered the blind plea. (Motion to Withdraw TR 26-100).

Of course, Petitioner offered testimony contradicting the above. (Motion to Withdraw TR 101-142). But Petitioner's self-serving statements are generally insufficient "to overcome his [averments] in open court during the plea hearing that he was knowingly and voluntarily executing the guilty plea and waiver of rights." *United States v. Alvarez*, 29 F. App'x 497, 498 (10th Cir. 2002). And, based on the evidence above, Petitioner has failed to rebut the presumption of correctness the Court gives to the OCCA's factual findings with clear and convincing evidence. *See Fields*, 277 F.3d at 1212; *see also Cross v. Franklin*, 520 F. App'x 671, 674-75 (10th Cir. 2013) (holding that petitioner's admission on his plea form that he understood the range of punishment "supports the state court's conclusion that Cross entered his guilty plea knowing and voluntarily").

More importantly though, "'[w]hen an involuntariness claim rests on the faulty legal decisions or predictions of defense counsel, the plea will be deemed constitutionally involuntary only when the attorney is held to have been constitutionally ineffective.'" *Bush v. Neet*, 400 F.3d 849, 853 (10th Cir. 2005) (citation omitted); *see also Parker v. Evans*, 569 F. App'x 611, 617 (10th Cir. 2014) ("[O]ur case law holds [that petitioner's claim that his attorney's misstatement of the range of punishment lead

to an unknowing and involuntary guilty plea] can succeed . . . only when counsel is held to have been constitutionally ineffective."). As discussed below, the OCCA reasonably concluded Petitioner's trial attorneys were not constitutionally ineffective. So, the undersigned finds that the OCCA's conclusion that Petitioner's blind guilty plea was knowing and voluntary was reasonable, and recommends the Court deny habeas relief on this ground.

## VI.    PETITIONER'S SECOND GROUND FOR RELIEF

In his second ground for relief, Petitioner alleges his attorneys provided constitutionally ineffective assistance when they: (1) gave inaccurate information about his potential sentence and pressured him into pleading guilty; (2) failed to correct negative information in Petitioner's pre-sentencing investigation report; and (3) failed to properly move for the trial judge's recusal. (ECF No. 21; Ex. 4:28-33). The OCCA rejected these claims on appeal, holding Petitioner had failed "to demonstrate either unreasonably deficient performance by counsel or prejudice to his decision to plead guilty." (ECF No. 21; Ex. 5:2).

### A.    Clearly Established Law

Under clearly established law, Petitioner must demonstrate that his attorneys' performance was deficient and prejudicial. *See Strickland v. Washington*, 466 U.S. 690-91 (1984). The court will only consider an attorney's performance "deficient" if it falls "outside the wide range of professionally competent assistance." *Id.* at 690. "[P]rejudice" involves "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694. For

Petitioner's claims directly related to the plea entry, he can only establish prejudice by showing that, absent counsels' errors, he "would not have pleaded guilty and would have insisted on going to trial." *Hill v. Lockhart*, 474 U.S. 52, 59 (1985). Finally, because the OCCA reviewed the merits of these claims, deference applies. And, "[w]hen the claim at issue is one for ineffective assistance of counsel . . . AEDPA review is doubly deferential because counsel is strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment . . . ." *Woods v. Etherton*, 136 S. Ct. 1149, 1151 (2016) (internal quotation marks omitted). "In such circumstances, federal courts are to afford both the state court and the defense attorney the benefit of the doubt." *Id.* (internal quotation marks omitted).

### B.    Analysis

The undersigned finds the OCCA reasonably applied federal law when it rejected Petitioner's ineffective assistance of trial counsel claims on the merits.

### 1.    The Attorneys' Alleged Errors in Advising Petitioner to Enter a Blind Plea

As discussed above, the record does not support Petitioner's argument that his attorneys pressured him to enter the blind plea or lied to him regarding the possible sentence, and his "subjective and self-serving statements [to the contrary] are insufficient to show a reasonable probability that, but for alleged counsel's errors, he would [not] have pled guilty." *United States v. Morris*, 106 F. App'x 656, 659 (10th Cir. 2004); *see also United States v. Mooneyham*, 580 F. App'x 657, 659 (10th Cir. 2015) (holding petitioner's assertion he "would have rejected the plea offer 'but for counsel's

error" "is inadequate under the circumstances"). So, the OCCA reasonably rejected Petitioner's ineffective assistance of counsel claims on this ground.

## 2. The Attorneys' Alleged Error During Sentencing

Petitioner further argues his attorneys failed to correct or dispute certain information contained in his pre-sentencing investigation report. In particular, Petitioner claims there was inaccurate information that he had been charged with (but never convicted of) violent crimes in other states. (ECF No. 21; Ex. 4:31-32). But Petitioner's attorney specifically argued to the trial court that "[t]he situations which he got his prior felonies, there's nothing violent, no violent convictions. Most of them are misdemeanors that were dismissed." (Transcript of Sentencing, Case No. CF-2012-3 (file-stamped Jefferson Co. Nov. 14, 2012) at 75-76 (Sentencing TR). His attorney also urged the trial court not to impose a lengthy sentence, arguing that "30 years is just way outlandish," and again noting "[Petitioner's] never been convicted of a violent crime." (Sentencing TR 76-77). And while the trial court did consider the allegedly incorrect information, it is clear he primarily based his sentence on the facts in the case. (Sentencing TR 77-79). Under such circumstances, the undersigned finds Petitioner has not established that but for the pre-sentencing investigation report errors, his sentence would have been different. Applying the double deferential standard, the OCCA reasonably applied federal law when it rejected Petitioner's claim on the merits.

## 3. The Attorneys' Failure to Seek the Trial Judge's Recusal

Finally, Petitioner alleges his attorneys were ineffective for failing to properly seek the trial court's recusal for bias. As discussed below however, the record does not

support judicial bias. More importantly, Petitioner cannot establish any prejudice from his attorneys' failure to properly present a motion to recuse. Again, the OCCA reasonably rejected this claim on appeal and habeas relief is not warranted.

## VII.  PETITIONER'S THIRD GROUND FOR RELIEF

In Ground Three, Petitioner alleges the trial court violated his constitutional rights in failing to allow him to represent himself in the proceedings. The OCCA did not review this claim and this Court must therefore address it independently. Under that standard, the undersigned finds Petitioner has not established that he is entitled to habeas relief on this ground.

### A.  Controlling Case Law

The Sixth Amendment "grants to the accused personally the right to make his defense." *Faretta v. California*, 422 U.S. 806, 819 (1975). To invoke the right to self-representation, a defendant must: "(1) clearly and unequivocally assert his intention to represent himself; (2) knowingly and intelligently relinquish the benefits of representation by counsel; and (3) make this assertion in a timely manner." *Manning v. Patton*, 639 F. App'x 544, 549 (10th Cir. 2016).

### B.  Analysis

Although they are not in the record, the trial judge acknowledged that Petitioner had written the trial court letters seeking an opportunity to represent himself. (Transcript dated June 11, 2012, Case No. CF-2012-3 (file-stamped Jefferson Co. Jan. 22, 2013) (Motion to Self-Represent TR)). On June 11, 2012, with Petitioner, his attorney, and the State present, the trial judge questioned Petitioner about his letters.

14

During that questioning, Petitioner stated: "I would like to be represented until [jury trial] because I don't know how to subpoena a witness" and "I would like to have counsel if at the very least standby counsel until I get to jury trial." (Motion to Self-Represent TR 5, 12). After extensive back-and-forth discussion, the trial court gave Petitioner until the day of preliminary hearing in which to make a decision about self-representation. (Motion to Self-Represent TR 15). At preliminary hearing, Petitioner made no mention of self-representation. (Transcript dated June 19, 2012 and June 26, 2012, Case No. CF-2012-3 (file-stamped Jefferson Co. Jan. 22, 2013) at 3-69 (Preliminary Hearing TR). Petitioner argues his attorney told him the "[p]reliminary hearing isn't the proper time to raise it," (ECF No. 11:44), but notably, Petitioner did not raise the issue at his guilty-plea entry, (Change of Plea TR 2-12), at his sentencing (Sentencing TR 3-84), or when requesting a continuance on his motion to withdraw his guilty plea (so that he may obtain different counsel). (Transcript dated Dec. 4, 2012, Case No. CF-2012-3 (file-stamped Jefferson Co. Jan. 22, 2013) at 2-16 (Motion for Continuance TR)).

Under these circumstances, the undersigned finds Petitioner did not "clearly and unequivocally" assert his intention to represent himself. Instead, Petitioner asked for counsel until the jury trial, which, because he pleaded guilty, never occurred. Accordingly, the Court should deny Petitioner habeas relief on this issue. *See, e.g., Stallings v. Franco*, 620 F. App'x 642, 823 (10th Cir. 2014) (holding petitioner did not clearly and unequivocally demand self-representation where his motions could "at best" be viewed as "a request for conditional or hybrid representation").

## VIII. PETITIONER'S FOURTH AND FIFTH GROUNDS FOR RELIEF

In his fourth ground for relief, Petitioner challenges the trial court's refusal to grant a venue change. According to the record, Petitioner first raised the issue when discussing his possible self-representation with District Court Judge Dennis Gay, complaining to the trial court that:

> My ex-wife's family grew up here. They have been here their entire lives, and my ex-wife's mother even translates Spanish here in the courtroom when they have Hispanic witnesses . . . here in this town. She's been at the same Baptist church for over 40 years, you know, with all the women in this courtroom. Claudine[][the trial judge's courtroom bailiff] is family that works here. I've had Thanksgiving with her. You know, these are things that worry me when it comes to the courtroom when people in this town know my ex-wife or are familiar with her family because who am I but a person with a criminal record that apparently abducted my daughter. I'm just some crazy guy --

(Motion to Self-Represent 8).

The issue was raised again before District Court Judge Joe Enos (who presided over Petitioner's guilty plea) when Petitioner's attorneys filed a change of venue motion but were unable to meet the "statutory requisites" (Transcript dated Sept. 4, 2012, Case No. CF-2012-3 (file-stamped Jefferson Co. Jan. 22, 2013) (Motion for Venue Change TR)). The trial court denied the motion on that ground. (Motion for Venue Change TR 3-4).

Here, Petitioner argues that his ex-wife's connection to the town and the media coverage that followed when Petitioner did not return his daughter deprived him of a fair and impartial tribunal. (ECF No. 11:26-28). Notably though, Petitioner entered a blind plea before the trial judge and was never before a jury. Thus, Petitioner's fourth claim for relief is necessarily absorbed by his fifth ground for relief – that based on the

theory above, Judge Enos was not fair and impartial and should have recused for bias. (ECF No. 11:28-30, 34-38).

## A. Controlling Case Law

"Impartiality of the tribunal is an essential element of due process." *Riggins v. Goodman*, 572 F.3d 1101, 1112 (10th Cir. 2009). However, "'a substantial showing of personal bias is required to disqualify a hearing officer or tribunal'" *Id.* (citation and ellipsis omitted). "Indeed, a person claiming bias on the part of an administrative tribunal 'must overcome a presumption of honesty and integrity in those serving as adjudicators.'" *Id.* (citation omitted). "'Due process is violated only when the risk of unfairness is intolerably high[,] there must be some substantial countervailing reason to conclude that a decisionmaker is actually biased with respect to factual issues being adjudicated.'" *Id.* (citation and internal quotation marks omitted).

## B. Analysis

Exercising independent review, the Court should find that Petitioner has not established a due process violation through judicial bias.

The record establishes that, at the time of trial, Judge Enos was only in Waurika, Oklahoma a few days a month and had no connection with the local community. In fact, the trial judge noted "I don't even take the Waurika newspaper so I have no knowledge of what's going on in this particular community." (Motion to Withdraw TR 24-25). Further, Claudine Smith, a Jefferson and Cotton County courtroom bailiff and Petitioner's ex-wife's second cousin, testified she had very little professional contact with Judge Enos and primarily worked with Judge Gay in Cotton County. (Motion to

Withdraw TR 10-12). Ms. Smith testified she did not participate in putting up missing persons or wanted posters and had no contact with Judge Enos regarding the facts of Petitioner's case. (Motion to Withdraw TR 13, 14-15). Finally, Ms. Carolyn Watkins, the Jefferson County Court Clerk, testified that Petitioner's ex-wife's mother, Lupe Edwards, had only provided translation services twice in Jefferson County, and only once in front of Judge Enos, in September 2011. (Motion to Withdraw TR 17-18). Ms. Watkins agreed she attended church with Lupe Edwards but denied they had ever spoken about Petitioner's case and also denied being involved with any missing persons or wanted posters. (Motion to Withdraw TR 20-21).

As discussed, Petitioner was not tried by a Jefferson County jury and instead pleaded guilty before Judge Enos. In light of the facts above, Petitioner simply cannot overcome the Court's presumption that Judge Enos exhibited "honesty and integrity" in Petitioner's proceedings and the Court should find that no due process violation occurred in the trial court's failure to transfer Petitioner's case to a different venue or recuse for bias.

## IX.    PETITIONER'S SIXTH GROUND FOR RELIEF

In Petitioner's sixth ground for relief he alleges that the trial court should have held an evidentiary hearing. (ECF No. 11:45-46). Respondent reads his argument as claiming that the trial court failed to hold an evidentiary hearing during post-conviction proceedings. (ECF No. 21:51). But the undersigned interprets his argument as focusing on the pre-guilty plea stage of his criminal trial. For example, Petitioner complains the State charged him with "child stealing" when in fact he had been trying for months to

alter the child custody agreement. He says he first attempted to discuss his "evidence" that his daughter was in danger in a June 2012 hearing, (ECF No. 11:27), and he cites both Okla. Stat. tit. 12, § 1277 (renumbered to Okla. Stat. tit. 43, §§ 112, 113), which falls under the divorce and alimony statutes, and discusses his "affirmative defense contained in 21 O.S. § 567[A](B)." (ECF No. 11:46-47).

With this interpretation, and under independent review, Petitioner's claim fails as a matter of law.

Petitioner wanted to present the trial court with evidence that his minor daughter was in danger living with his ex-wife and her family and he wanted the trial court to understand that he had been making those allegations to the necessary authorities for months prior to his failure to return his daughter to Oklahoma. (ECF No. 11:45-47, 50-57). And under Oklahoma law, there is an affirmative defense to violation of a child custody order "if the offender reasonably believes that the act was necessary to preserve the child from physical, mental, or emotional danger to the child's welfare and the offender notifies the local law enforcement agency nearest to the location where the custodian of the child resides." Okla. Stat. tit. 21, § 567A(B). But Petitioner entered a blind guilty plea, and thus waived his affirmative defense.[5] *See United States v. Avila*, 733 F.3d 1258, 1261 (10th Cir. 2013) ("A guilty plea waives all defenses except those that go to the court's subject-matter jurisdiction and the narrow class of constitutional claims involving the right not to be haled into court."); *see also United States v. Romero*, 85 F. App'x 178, 179 n.2 (10th Cir. 2004) (holding petitioner "ha[d] waived

_____

[5] Notably, the record establishes that Petitioner did not notify law enforcement officials after failing to return his daughter to his ex-wife. (Preliminary Hearing TR 48-58).

[his] affirmative defense by pleading guilty"). So, Petitioner was not entitled to have the trial court hear his affirmative defense evidence and is not entitled to habeas relief based on the trial court's failure to hold an evidentiary hearing.

## X.    PETITIONER'S SEVENTH GROUND FOR RELIEF

In ground seven, Petitioner alleges his appellate attorney was constitutionally ineffective for failing to raise multiple issues on appeal. Specifically, he believes his attorney should have sought relief based on: (1) the trial court's refusal to allow self-representation; (2) the trial court's refusal to change venue; (3) a different theory involving the trial judge's refusal to recuse; and (4) trial counsels' failure to present Petitioner's affirmative defense evidence and to properly seek a venue change. (ECF No. 11:48-57). The undersigned finds no merit in these arguments on independent review.

### A.    Controlling Case Law

Just as with his trial attorneys, Petitioner must demonstrate that his appellate attorney's performance was deficient and prejudicial. *See Strickland*, 466 U.S. at 690-91. Notably, "it is difficult to show deficient performance . . . because counsel 'need not (and should not) raise every nonfrivolous claim, but rather may select from among them in order to maximize the likelihood of success on appeal.'" *Cargle v. Mullin*, 317 F.3d 1196, 1202 (10th Cir. 2003) (citation omitted).

### B.    Analysis

As discussed above, (1) the trial judge did not violate Petitioner's due process rights in failing to recuse and/or change venue; (2) Petitioner did not clearly and

unequivocally assert his Sixth Amendment right to self-representation; and (3) Petitioner waived his right to present an affirmative defense. Because these issues are meritless, the attorney's failure to raise them on appeal did "not constitute deficient performance[.]" *Johnson v. Patton*, 634 F. App'x 653, 661 (10th Cir. 2015).

## XI.    PETITIONER'S EIGHTH GROUND FOR RELIEF

In his eighth argument, Petitioner claims all the alleged errors, accumulated, entitle him to relief. (ECF No. 11:57-63). The OCCA reviewed this claim as it related to Petitioner's Grounds One, Two, Five, and Nine and held "[f]inding no error [in any claim for relief], there is no accumulation of error." (ECF No. 21; Ex. 5:3). This was a reasonable application of federal law. The OCCA did not review this claim at it relates to Grounds Three, Four, Six, and Seven; nevertheless, the undersigned finds, independently, no cumulative error.

### A.    Clearly Established Law

The Tenth Circuit has recognized a circuit split regarding whether a cumulative error analysis is clearly established federal law, and acknowledged its own lack of published precedent. *See Cole v. Trammell*, 755 F.3d 1142, 1177 (10th Cir. 2014). However, the court has also noted "that Tenth Circuit 'precedent may very well signal where our court has come down on the issue – *viz.*, that cumulative-error analysis is clearly established law.'" *Cole*, 755 F.3d at 1177 n.14 (citation omitted). This Court need not resolve the issue, as Petitioner's cumulative error claim easily fails on the merits. *See Smith v. Duckworth*, 824 F.3d 1233, 1255 (10th Cir. 2016) (acknowledging respondent's argument that "no clearly established federal law recognizes cumulative

error as a ground for habeas relief" but finding "because we can easily resolve these claims on the merits, it is not necessary for us to evaluate what deference may be owed to the OCCA under the circumstances").

"'A cumulative-error analysis aggregates all errors found to be harmless and analyzes whether their cumulative effect on the outcome of the trial is such that collectively they can no longer be determined to be harmless.'" *Smith*, 824 F.3d at 1255 (citation omitted). And, "[i]n the federal habeas context, the only otherwise harmless errors that can be aggregated are federal constitutional errors, and such will suffice to permit relief under [the] cumulative error doctrine only when the constitutional errors committed in the state court trial so fatally infected the trial that they violated the trial's fundamental fairness." *Littlejohn*, 704 F.3d at 868 (citations and internal quotations omitted).

### B.     Analysis

In this case, there are no constitutional errors to accumulate. Therefore, the OCCA's decision is neither contrary to, nor an unreasonable application of Supreme Court law and Petitioner is not entitled to habeas relief under either deferential or independent review.

## XII.   PETITIONER'S NINTH GROUND FOR RELIEF

In his ninth and final ground for relief, Petitioner alleges his sentence is constitutionally excessive. (ECF No. 11:16; ECF No. 21; Ex. 4:47-48). On appeal, the OCCA held: "Petitioner plead guilty after two prior convictions and faced punishment of four (4) years to life imprisonment. The sentence is within the statutory range and,

under all the facts and circumstances, is not shocking to the conscience." (ECF No. 21; Ex. 5:3). This was a reasonable application of federal law.

### A. Clearly Established Law

On habeas review, the Court "afford[s] wide discretion to the state trial court's sentencing decision, and challenges to that decision are not generally constitutionally cognizable, unless it is shown the sentence imposed is outside the statutory limits or unauthorized by law." *Dennis v. Poppel*, 222 F.3d 1245, 1258 (10th Cir. 2000). Generally then, habeas review "ends once [the Court] determine[s] the sentence is within the limitation set by statute." *Id.*; *see also Britt v. Embry*, 302 F. App'x 774, 783 (10th Cir. 2008) (holding that because sentence fell within the statutory range, "habeas review of [the] sentence" was complete).

### B. Analysis

As discussed above, Petitioner entered a blind plea and the sentence range was four years to life imprisonment. Because his thirty-five year sentence is well within that range, the Court cannot say the OCCA unreasonably applied any clearly established federal law in rejecting Petitioner's excessive sentence claim on its merits. *See Burke v. Rudek*, 483 F. App'x 516, 519 (10th Cir. 2012).

## XIII. RECOMMENDATION

For the foregoing reasons, the Court should **DENY** the Amended Petition for Writ of Habeas Corpus **(ECF No. 11)**.

## XIV.  NOTICE OF RIGHT TO OBJECT

The parties are advised of their right to file an objection to this Report and Recommendation with the court clerk by **December 19, 2016** in accordance with 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b)(2). The parties are further advised that failure to make timely objection to this Report and Recommendation waives the right to appellate review of both factual and legal issues contained herein. *See Casanova v. Ulibarri*, 595 F.3d 1120, 1123 (10th Cir. 2010).

## XV.  STATUS OF REFERRAL

This Report and Recommendation terminates the District Judge's referral in this matter.

ENTERED on November 30, 2016.

SHON T. ERWIN
UNITED STATES MAGISTRATE JUDGE